**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Lin, | No. CV-23-00154-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Deutsche Bank Securities Incorporated, et al., | |
| Defendants. | |

Plaintiff Gary Lin[1] filed a Verified Complaint alleging that Defendants failed to pay him short-term disability income benefits in violation of A.R.S. § 23-350, *et seq.* (Doc. 1-1.) Currently pending before the Court is Defendants' Motion to Dismiss. (Doc. 11.) The Court warned Plaintiff of his responsibility to respond and extended his response deadline three times (Docs. 14, 16, 17), but Plaintiff did not file a response.

## I.   Plaintiff's Complaint

Plaintiff alleges that he was employed by Defendants and, as an employee, was eligible for certain employee benefits offered by Defendants, including benefits under Defendants' short-term disability income program. (Doc. 1-1 at 5 ¶¶ 10, 12.)[2] Defendants' short-term disability income program is not an ERISA-based plan. (*Id.* at 6 ¶ 14.) Plaintiff alleges he was disabled within the meaning of Defendants' short-term disability income program due to mental health conditions, but that Defendants

---

[1] Plaintiff was represented by counsel when he filed the Complaint but is now proceeding pro se. (*See* Doc. 1-1; Doc. 16.)
[2] All record citations refer to the page numbers generated by the Court's electronic filing system.

unreasonably denied his claim for benefits under the program. (*Id.* at 6-7 ¶¶ 15-26.) Plaintiff asserts a claim pursuant to A.R.S. § 23-350 *et seq.*, alleging that short-term disability income benefits constitute "wages" within the meaning of A.R.S. § 23-350(7). (*Id.* at 7 ¶¶ 27-35.) He seeks backpay, including treble damages and interest. (*Id.* at 8.)

## II.     Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    Discussion

In their Motion to Dismiss, Defendants argue that disability benefits are not "wages" within the meaning of A.R.S. § 23-350(7) because they are not compensation due to an employee in return for labor or services rendered by the employee. (Doc. 11 at 4-5.)

The Arizona wage laws define "wages" to mean "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." A.R.S. § 23-350(7). If an employer "fails to pay wages due any employee," the employee may recover treble damages in a civil action against the employer. A.R.S. § 23-355(A).

The Arizona Court of Appeals has held that no "right to paid vacation time" exists

under A.R.S. § 23-350 *et seq*. *Abdulhussain v. MV Pub. Transp.*, No. 1 CA-CV 22-0522, 2023 WL 3843319, at *3 (Ariz. App. June 6, 2023). Such a right "exists, if at all, solely by agreement of the parties." *Id.* Similarly, here, a right to disability benefits under Defendants' short-term disability income program exists solely by agreement of the parties. Disability benefits do not constitute "nondiscretionary compensation due an employee *in return for labor or services rendered*." A.R.S. § 23-350(7) (emphasis added); *cf. Sw. Teamsters Sec. Fund v. Arizona Dep't of Economic Sec.*, 757 P.2d 1067, 1068 (Ariz. App. 1988) (noting that disability benefits are not "'wages' in ordinary parlance").

Plaintiff has not shown that Defendants' alleged failure to pay him benefits under their short-term disability income program is actionable under A.R.S. § 23-350 *et seq*. Furthermore, Plaintiff did not respond to Defendants' Motion to Dismiss, and it appears he may have abandoned this litigation. *See* LRCiv 7.2(i) (a party's failure to file a required answering memoranda "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily"). The Court will grant Defendants' Motion to Dismiss and will dismiss Plaintiff's claim under A.R.S. § 23-350 *et seq*. with prejudice, as the claim cannot be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should dismiss with leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 11) is **granted**. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

Dated this 11th day of October, 2023.

_____
Honorable Rosemary Márquez
United States District Judge